# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-CR-2051-LRR |
| Plaintiff, | |
| vs. | **ORDER** |
| DEON MARCELL GOLDSMITH, | |
| Defendant. | |

## I. INTRODUCTION

The matter before the court is Defendant Deon Marcell Goldsmith's "Motion for Revocation or Amendment of Order" ("Motion") (docket no. 108).

## II. RELEVANT PROCEDURAL HISTORY

On July 18, 2017, a grand jury returned an Indictment (docket no. 8) charging Defendant with one count of conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846, and two counts of distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *See* Indictment at 2-4. On July 20, 2017, Defendant appeared before United States Chief Magistrate Judge C.J. Williams for an initial appearance and arraignment, at which time he pled not guilty. *See* July 20, 2017 Minute Entry (docket no. 43). On July 24, 2017, Defendant appeared before Judge Williams for a detention hearing. *See* July 24, 2017 Minute Entry (docket no. 57). Defendant appeared in court with his attorney, Stephen Swift. Assistant United States Attorneys Emily Nydle and Ravi Narayan represented the government. At the hearing, Judge Williams ordered Defendant detained, and he subsequently entered an order to that effect on July 25, 2017. *See* Order of Detention Pending Trial (docket no. 61).

On August 14, 2017, Defendant filed a Motion for Review of Pretrial Detention ("Motion for Review") (docket no. 87), seeking review of the July 25, 2017 Order of

Detention Pending Trial. On August 21, 2017, the government filed a Resistance to the Motion for Review (docket no. 92). On August 28, 2017, Judge Williams held a hearing on the Motion for Review. *See* August 28, 2017 Minute Entry (docket no. 97). At the hearing, Judge Williams again ordered Defendant detained, and subsequently entered an Order to that effect on August 29, 2017. *See* Order Denying Motion for Review (docket no. 98). On September 12, 2017, Defendant filed the Motion. On September 19, 2017, the government filed a Resistance (docket no. 117). The matter is fully submitted and ready for decision.

## III. STANDARD OF REVIEW

A motion for revocation of a detention order is governed by 18 U.S.C. § 3145(b), which provides:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). The court reviews a § 3145(b) motion de novo. *See United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985) (en banc). The court is required to detain defendants prior to trial if the court "finds that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). "The facts the [court] uses to support a finding . . . that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence." *Id*. § 3142(f). In contrast, a finding "that no condition or set of conditions . . . will reasonably assure the defendant's appearance" must be supported by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (emphasis omitted).

## IV. ANALYSIS

In the Motion, Defendant argues that Judge Williams erred in finding that Defendant is a flight risk and that he poses a danger to the community. *See* Brief in Support of Motion (docket no. 108-1) at 2-3. Defendant further claims that Judge Williams failed to properly consider the conditions which would assure Defendant's appearance at further proceedings and ensure the safety of the community. *See id*.

After conducting a de novo review of the record, including the Pretrial Services Report (docket no. 52), the transcripts of the July 24, 2017 detention hearing ("Detention Hearing Transcript") (docket no. 112) and the August 28, 2017 review hearing ("Review Hearing Transcript") (docket no. 110), the court finds that Judge Williams's Order of Detention Pending Trial, Order Denying Detention Review and his statements at the detention and review hearings accurately and thoroughly set forth the facts and the law. Additionally, for the reasons that follow, the court finds that detention is appropriate in this case.

Defendant was charged with one count of conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846, and two counts of distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *See* Indictment at 2-4. These are "offense[s] for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." 18 U.S.C. § 3142(e)(3)(A); *see* 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C). There is probable cause to believe that Defendant committed these offenses and, thus, there is a "presum[ption] that no condition or combination of conditions will reasonably assure the appearance of [Defendant] as required and the safety of the community." 18 U.S.C. § 3142(e)(3); *see Kaley v. United States*, ___ U.S. ___, ___, 134 S. Ct. 1090, 1097 (2014) ("'[A]n indictment fair upon its face, and returned by a properly constituted grand jury . . . conclusively determines the existence of probable cause' to believe [that] the defendant perpetrated the offense alleged." (first alteration in original) (internal quotation marks omitted) (quoting *Gerstein*

*v. Pugh*, 420 U.S. 103, 117 n.19 (1975))).

The court now turns to consideration of the factors relevant to pretrial detention. *See* 18 U.S.C. § 3142(g). First, the court considers the nature and circumstances of the offense alleged, including whether the crime is a crime of violence or an offense involving a firearm. *See* 18 U.S.C. § 3142(g)(1). The court notes that this crime did not involve violence or a firearm. *See* Indictment at 2-4. However, Defendant poses a danger to the community as a person involved in drug trafficking. *See* 18 U.S.C. § 3142(g)(4); *see also United States v. Cantu*, 935 F.2d 950, 952 (8th Cir. 1991) ("[W]e recognize the congressional determination that large scale drug trafficking is a serious danger to the community . . . ." (quoting *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986))).

Second, the court considers the weight of the evidence against Defendant. *See* 18 U.S.C. § 3142(g)(2). The weight of the evidence against Defendant is strong. Officer Joseph Zubak testified as to "two controlled buys" and "wire taps of drug-related communications." Detention Hearing Transcript at 92-93; *see also* Detention Hearing Transcript at 8, 22. These drug-related communications were both to and from Defendant and he was involved in two controlled buys. *See id*. at 92-93. The strength of the evidence against Defendant favors detention.

Third, the court considers the history and characteristics of Defendant. *See* 18 U.S.C. § 3142(g)(3). Defendant contends that he has "significant and deep connections to the Waterloo community." Brief in Support of Motion at 2. The court acknowledges that Defendant has lived in the Waterloo area for three years. *See* Pretrial Services Report at 1. However, with the exception of his girlfriend, Defendant does not have strong ties to the area. *See id*. at 1-2. To the contrary, Defendant has several children in Chicago, Illinois, and a sister that resides in Texas. *See id*. at 1. Additionally, Defendant's mother only recently moved to the Dubuque area. *See* Review Hearing Transcript at 20-21.

Further, Defendant's lack of stable employment and regular drug use cause the

4

court concern.  *See* Pretrial Services Report at 2.  Defendant asserts that his "childcare responsibilities and duties" weigh in favor of release.  Brief in Support of Motion at 2.  That Defendant may provide care for his girlfriend's children does not assuage the court's concerns in light of the relatively short time Defendant has provided child care and his minimal ties to the area.  Further, Defendant's periodic need for medical care does not meaningfully reduce his risk of flight.  *See id*.  In light of this background, the court does not find that Defendant's personal characteristics meaningfully support release when viewed alongside the other factors.

Additionally, Defendant's criminal history causes the court concern.[1]  *See* 18 U.S.C. § 3142(g)(3)(A); *see also* Pretrial Services Report at 2-6.  Defendant's criminal history includes convictions for battery, aggravated unlawful use of a weapon and trespass.  *See* Pretrial Services Report at 2-6.  Of particular concern to the court is that Defendant's criminal history includes repeated arrests while he was under court supervision.  *See id*. at 3-5.  Defendant's criminal history weighs in favor of detention.

Thus, after considering all of the factors listed in 18 U.S.C. § 3142(g), and for the reasons set forth in the Order of Detention Pending Trial and the Order Denying Motion to Review, the court finds by clear and convincing evidence that Defendant is a danger to the community and "that no condition or combination of conditions will reasonably assure . . . the safety of any other person in the community."  18 U.S.C. § 3142(e).  The court also finds by a preponderance of the evidence "that no condition or set of conditions . . . will reasonably assure . . . [D]efendant's appearance."  *Orta*, 760 F.2d at 891 (emphasis omitted).

---

[1] Defendant states he has "sought to establish the potential unconstitutional nature of" his prior conviction for unlawful use of a weapon.  *See* Brief in Support of Motion at 2.  Defendant has not provided the court any authority that would permit him to collaterally attack his prior conviction as part of his detention hearing.

5

## V.  CONCLUSION

In light of the foregoing, the Motion (docket no. 108) is **DENIED**.  Defendant shall remain in the custody of the United States Marshals Service pending further order of the court.

**IT IS SO ORDERED.**

**DATED** this 27th day of September, 2017.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA